Judge Thomas S. Zilly

FILED
LODGED ENTERED
RECEIVED
OCT 23 2006
BY CLERK AT SEATTLE
WESTERN U.S. DISTRICT COURT
DISTRICT OF WASHINGTON
DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| UNITED STATES OF AMERICA, | NO. CR05-0431TSZ |
|---|---|
| Plaintiff, | |
| v. | PLEA AGREEMENT |
| JOHN LEONARD YOUNG, | |
| Defendant. | |

The United States of America, by and through John McKay, United States Attorney for the Western District of Washington, and David Reese Jennings, Assistant United States Attorney for said District, and the defendant, JOHN LEONARD YOUNG, and his attorney, Paula Semmes Deutsch, enter into the following Agreement, pursuant to Federal Rule of Criminal Procedure 11(c):

1. <u>The Charge</u>. Defendant, having been advised of the right to have this matter tried before a jury, agrees to waive that right and enter a plea of guilty to the following charge contained in the Indictment: Using the Internet to Entice a Minor to Travel for Illegal Sexual Activity, as charged in Count 1, in violation of Title 18, United States Code, Section 2422(b). By entering this plea of guilty, Defendant hereby waives all objections to the form of the charging document. Defendant further understands that before entering his plea of guilty, Defendant will be placed under oath.

PLEA AGREEMENT/U.S. v. YOUNG
CR05-0431TSZ - 1

UNITED STATES ATTORNEY
1201 Pacific Avenue, Suite 700
Tacoma, Washington 98402
(253) 428-3800

Any statement given by Defendant under oath may be used by the United States in a prosecution for perjury or false statement.

2. <u>Elements of the Offense.</u> The elements of the offense of Using the Internet to Entice a Minor to Travel for Illegal Sexual Activity, as charged in Count 1, in violation of Title 18, United States Code, Section 2422(b), are as follows:

> First, that the defendant knowingly used a computer to attempt to persuade, induce, entice or coerce an individual under the age of eighteen (18) to engage in sexual activity, as charged;
>
> Second, that the defendant believed that such individual was less than eighteen (18) year of age;
>
> Third, that if the sexual activity had occurred, the defendant could have been charged with a criminal offense under the laws of Washington State, to wit: the Revised Code of Washington, Section 9A.44.079; and
>
> Fourth, that the defendant acted knowingly and willfully.

3. <u>The Penalties.</u> Defendant understands that the statutory penalties for the offense of Using the Internet to Entice a Minor to Travel for Illegal Sexual Activity, as charged in Count 1, are as follows:

Imprisonment for up to thirty (30) years, a mandatory minimum sentence of five (5) years of imprisonment, a fine of up to two-hundred fifty-thousand dollars ($250,000.00), a period of supervision following release from prison of not more than five (5) years, and a one hundred dollar ($100.00) penalty assessment. Defendant agrees that the penalty assessment shall be paid at or before the time of sentencing.

Defendant agrees that any monetary penalty the Court imposes, including the special assessment, fine, costs or restitution, is due and payable immediately, and further agrees to submit a completed Financial Statement of Debtor form as requested by the United States Attorney's Office.

Defendant understands that supervised release is a period of time following imprisonment during which he will be subject to certain restrictions and requirements.
PLEA AGREEMENT/U.S. v. YOUNG
CR05-0431TSZ - 2

UNITED STATES ATTORNEY
1201 Pacific Avenue, Suite 700
Tacoma, Washington 98402
(253) 428-3800

Defendant further understands that if supervised release is imposed and he violates one or more of its conditions, he could be returned to prison for all or part of the term of supervised release that was originally imposed. This could result in Defendant serving a total term of imprisonment greater than the statutory maximum stated above.

4. <u>Rights Waived by Pleading Guilty</u>. Defendant understands that, by pleading guilty, he knowingly and voluntarily waives the following rights:

    a. The right to plead not guilty, and to persist in a plea of not guilty;

    b. The right to a speedy and public trial before a jury of Defendant's peers;

    c. The right to the effective assistance of counsel at trial, including, if Defendant could not afford an attorney, the right to have the Court appoint one for Defendant;

    d. The right to be presumed innocent until guilt has been established at trial, beyond a reasonable doubt;

    e. The right to confront and cross-examine witnesses against Defendant at trial;

    f. The right to compel or subpoena witnesses to appear on Defendant's behalf at trial;

    g. The right to testify or to remain silent at trial, at which trial such silence could not be used against Defendant; and

    h. The right to appeal a finding of guilt or any pretrial rulings.

5. <u>United States Sentencing Guidelines</u>. Defendant understands and acknowledges that, at sentencing, the Court must consider the sentencing range calculated under the United States Sentencing Guidelines, together with the other factors set forth in Title 18, United States Code, Section 3553(a), including: (1) the nature and circumstances of the offense; (2) the history and characteristics of the defendant; (3) the need for the sentence to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (4) the need for the sentence to afford adequate

PLEA AGREEMENT/U.S. v. YOUNG
CR05-0431TSZ - 3

UNITED STATES ATTORNEY
1201 Pacific Avenue, Suite 700
Tacoma, Washington 98402
(253) 428-3800

deterrence to criminal conduct; (5) the need for the sentence to protect the public from further crimes of the defendant; (6) the need to provide the defendant with educational and vocational training, medical care, or other correctional treatment in the most effective manner; (7) the kinds of sentences available; (8) the need to provide restitution to victims; and (9) the need to avoid unwarranted sentence disparity among defendants involved in similar conduct who have similar records. Accordingly, Defendant understands and acknowledges that:

    a.    The Court will determine Defendant's applicable Sentencing Guidelines range at the time of sentencing;

    b.    After consideration of the Sentencing Guidelines and the other factors in Title 18, United States Code, Section 3553(a), the Court may impose any sentence authorized by law, up to the maximum term authorized by law;

    c.    The Court is not bound by any recommendation regarding the sentence to be imposed, or by any calculation or estimation of the Sentencing Guidelines range offered by the parties, or by the United States Probation Office; and

    d.    Defendant may not withdraw a guilty plea solely because of the sentence imposed by the Court.

6.    <u>Ultimate Sentence</u>. Defendant acknowledges that no one has promised or guaranteed what sentence the Court will impose.

7.    <u>Statement of Facts</u>. The parties agree on the following facts in support of Defendant's guilty plea and sentencing. Defendant admits he is guilty of the charged offense.

    a.    In 2004 and 2005, Defendant John Leonard Young, a 45 year old male living in Coupeville, Washington, used a computer to entice a known minor to travel across state lines to engage in illicit sexual activity with him.

    b.    On January 11, 2005, FBI Special Agent Joel T. Tsiumis, who is assigned to Dulles International Airport (Dulles), Washington, D.C., was contacted by Metropolitan Washington Airport Police regarding a 14 year old girl, Jane Doe, who had

PLEA AGREEMENT/U.S. v. YOUNG
CR05-0431TSZ - 4

UNITED STATES ATTORNEY
1201 Pacific Avenue, Suite 700
Tacoma, Washington 98402
(253) 428-3800

arrived at Dulles on a United Airlines flight from Chicago O'Hare International Airport. The girl was upset because she meant to fly to Seattle, Washington, but had somehow arrived at Dulles airport in Washington, D.C. SA Tsiumis received verbal consent from Doe's father to interview Doe.

    c.    Doe stated she went to O'Hare early that afternoon and purchased a ticket with cash. She planned to fly to Seattle, Washington, to live with a man she had met on the Internet. She used a false identification card with her picture and the name Marie Casey. The man she was supposed to meet said he would be waiting for her at the Seattle airport, and that he would be wearing a white cowboy hat. Investigators subsequently confirmed that the man Doe planned to meet was defendant John Leonard Young.

    d.    Doe explained how, one to two weeks before her flight, she met Young in a Yahoo.com Internet chat room. Young had a screen name/e-mail address of "ridehardovernitemale@yahoo.com." Doe exchanged instant messages with Young on the Internet through the chat room. As their relationship progressed, Doe began calling Young on the telephone at XXX-XXX-2105. Based on their conversations on the Internet, Doe described Young as a 44 year old white male, 5'9", 180lbs, who lived on an island near Seattle with his mother. He drove a Volvo and owned his own business, which involved repairing cars and car air bags. During their conversations over the Internet and on the telephone, Doe agreed to travel to Seattle, Washington, so they could meet and she could be with him. Based on their conversations on the Internet, Young believed she was only 15 years old and that any sexual relationship with her would be illegal. Doe created a fictitious "Home-Schooling Families of Illinois" identification card, bearing the fictitious identity of "Marie Casey," Date of birth 01/16/1989, female, 1620 Curt Street, Westmont, Illinois.

    e.    Young's conversations over the Internet and on the phone included bold, detailed discussions about sex. Young also offered to help Doe with her personal problems, and promised that they would be both good friends and lovers.

PLEA AGREEMENT/U.S. v. YOUNG
CR05-0431TSZ - 5

UNITED STATES ATTORNEY
1201 Pacific Avenue, Suite 700
Tacoma, Washington 98402
(253) 428-3800

Young promised to take care of Doe and not to force her to do anything. He claimed he was an avid user of methamphetamine. Young knew that his relationship with Doe would be illegal, and that having sex with Doe would be illegal. Young also knew that Doe planned to remove the hard drive from her computer before she left home to make it difficult for her parents or anyone else to find her.

    f.  Using his business credit card, Young purchased a plane ticket for Doe to travel to Seattle. The travel was to take place on January 21, 2005. Young provided Doe the flight information over the phone. Once Doe learned that Young had bought her a ticket to Seattle, she decided she could wait no longer; consequently, she set out for the airport with her own money and her false identification and bought a ticket to Washington. Inadvertently, Doe bought a ticket to the wrong Washington.

    g.  On January 12, 2005, with the consent of her mother, Doe placed a controlled phone call to Young at XXX-XXX-2105. Special Agents with the FBI recorded their conversation. Defendant Young and Doe discussed Doe's accidental trip to Washington, D.C., and discussed the ticket Young had purchased for her. Young confirmed that he was expecting her, and that he was worried when she did not call. Young confirmed that he still wanted Doe to be part of his life. Young discussed plans to fly to Doe's city and drive them both back to Washington State.

    h.  The FBI searched 14-year-old Doe's computer files for references to ridehardovernitemale. The search of Doe's computer, uncovered Doe's side of Internet chats between Doe and ridehardovernitemale, a/ka John Leonard Young, which Doe had saved. During several of these conversations, Doe discussed with Young her age (Doe was pretending to be 15 years old), the upcoming flight to Seattle, and the different sexual activities they would engage in once she arrived.

    I.  On March 2, 2005, FBI agents conducted a search of Young's residence on Whidbey Island. Young admitted to FBI agents during the search that: he had child pornography on his computers; he was the person who used the online name of ridehardovernitemale; he had communicated with Jane Doe in Illinois, and he

PLEA AGREEMENT/U.S. v. YOUNG
CR05-0431TSZ - 6

UNITED STATES ATTORNEY
1201 Pacific Avenue, Suite 700
Tacoma, Washington 98402
(253) 428-3800

bought her an airline ticket to travel to Washington. Young consented to allow agents to seize his computers and additional media/storage information found in his motorhome and in a separate, detached garage. This search revealed additional child pornography.

    j.  Young believed Doe was only fifteen (15) years old. Young communicated with Doe to entice her to travel to Seattle so they could have sex, which would have been a felony under Washington State law.

  8.  <u>Non-Prosecution of Additional Offenses</u>. As part of this Plea Agreement, the United States Attorney's Office for the Western District of Washington agrees not to prosecute Defendant for any additional offenses known to it as of the time of this Agreement that are based upon evidence in its possession at this time, or that arise out of the conduct giving rise to this investigation. In this regard, Defendant recognizes that the United States has agreed not to prosecute all of the criminal charges that the evidence establishes were committed by Defendant solely because of the promises made by Defendant in this Agreement. Defendant acknowledges and agrees, however, that for purposes of preparing the Presentence Report, the United States Attorney's Office will provide the United States Probation Office with evidence of all relevant conduct committed by Defendant.

  Defendant agrees and acknowledges that any charges to be dismissed before or at the time of sentencing were substantially justified in light of the evidence available to the United States, were not vexatious, frivolous or taken in bad faith, and do not provide Defendant with a basis for any future claims under the "Hyde Amendment," Pub.L. No. 105-119(1997).

  9.  <u>Sentencing Recommendation</u>. The United States agrees that, at the time of sentencing, it will recommend that Defendant receive a sentence of not more than the minimum mandatory sentence of five years imprisonment.

  10.  <u>Voluntariness of Plea</u>. Defendant acknowledges that he has entered into this Plea Agreement freely and voluntarily, and that no threats or promises, other than the

PLEA AGREEMENT/U.S. v. YOUNG
CR05-0431TSZ - 7

UNITED STATES ATTORNEY
1201 Pacific Avenue, Suite 700
Tacoma, Washington 98402
(253) 428-3800

promises contained in this Plea Agreement, were made to induce Defendant to enter this plea of guilty.

11. <u>Statute of Limitations</u>. In the event that this Agreement is not accepted by the Court for any reason, or Defendant has breached any of the terms of this Plea Agreement, the statute of limitations shall be deemed to have been tolled from the date of the Plea Agreement to: (1) 30 days following the date of non-acceptance of the Plea Agreement by the Court; or (2) 30 days following the date on which a breach of the Plea Agreement by Defendant is discovered by the United States Attorney's Office.

12. <u>Post-Plea Conduct</u>. Defendant understands that the terms of this Plea Agreement apply only to conduct that occurred prior to the execution of this Agreement. If, after the date of this Agreement, Defendant should engage in illegal conduct, or conduct that is in violation of his conditions of release (examples of which include, but are not limited to: obstruction of justice, failure to appear for a court proceeding, criminal conduct while pending sentencing, and false statements to law enforcement agents, the Pretrial Services Officer, Probation Officer or Court), the United States is free under this Agreement to seek a sentence that takes such conduct into consideration. Such a sentence could include a sentencing enhancement under the United States Sentencing Guidelines or an upward departure from the applicable sentencing guidelines range.

13. <u>Completeness of Agreement</u>. The United States and Defendant acknowledge that these terms constitute the entire Plea Agreement between the parties. This Agreement only binds the United States Attorney's Office for the Western District of

//
//
//

PLEA AGREEMENT/U.S. v. YOUNG
CR05-0431TSZ - 8

UNITED STATES ATTORNEY
1201 Pacific Avenue, Suite 700
Tacoma, Washington 98402
(253) 428-3800

Washington. It does not bind any other United States Attorney's Office or any other office or agency of the United States, or any state or local prosecutor.

Dated this 23d day of October, 2006.

_____
JOHN LEONARD YOUNG
Defendant

_____
PAULA SEMMES DEUTSCH
Attorney for Defendant

_____
ANNETTE L. HAYES
Assistant United States Attorney

_____
DAVID REESE JENNINGS
Assistant United States Attorney

PLEA AGREEMENT/U.S. v. YOUNG
CR05-0431TSZ - 9

UNITED STATES ATTORNEY
1201 Pacific Avenue, Suite 700
Tacoma, Washington 98402
(253) 428-3800